**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

_____

MUKESHKUMAR CHANDULAL PATEL,

      Petitioner,

v.                                        No. 2:26-cv-00169-MLG-GJF

MARY DE ANDA-YBARRA, Field Office
Director of Enforcement and Removal
Operations, ERO, El Paso Field Office,
Immigration and Customs Enforcement, et al.,

      Respondents.

**ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS AND IMMEDIATE RELEASE**

Petitioner Mukeshkumar Chandulal Patel, an Indian citizen, has been in federal immigration custody at Otero County Processing Center in Chaparral, New Mexico, since his November 2025 arrest at a scheduled Immigration and Customs Enforcement ("ICE") check-in. Doc. 1 at 1, 6 ¶¶ 36-37. Two months following his arrest, he filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, and asked the Court to review the lawfulness of his detention, which continues "despite appearing [for all immigration proceedings] as directed and without any individualized determination that he poses a flight risk or danger to the community." _Id._ at 1-2. He raises procedural and substantive due process concerns under the Fifth Amendment; namely, that he was unduly deprived of "a timely and meaningful opportunity to demonstrate that he should not be detained" which undermined his "core liberty interest in freedom from bodily restraint." _Id._ at 7-9 ¶¶ 44-45, 51; _see also id._ at 9 ¶ 53 ("Petitioner has a substantial liberty interest in avoiding prolonged and potentially indefinite detention. That interest is especially strong where, as here, detention has continued for months without a bond hearing or any other mechanism allowing

1

Petitioner to meaningfully contest whether continued confinement is necessary to serve the government's interests."). Patel's proposed remedy for these alleged constitutional harms is (1) immediate release, or, in the alternative, (2) "a prompt, constitutionally compliant bond hearing before a neutral adjudicator at which the Government bears the burden of proving by clear and convincing evidence that continued detention is justified[.]" *Id.* at 12.

Following Patel's Petition, the Court ordered the Government to show cause why the requested relief should not be granted. *See* Doc. 5. After reviewing the Government's briefing and the relevant legal authorities, the Court rejected the Government's position that Patel was an "applicant for admission" whose detention was mandatory pursuant to 8 U.S.C. § 1225(b)(2)(A). *See* Doc. 12 at 2-3 (citing Doc. 7). Instead, the Court held that Patel—a noncitizen who does not have a final order of removal and has been living in the United States for years—is eligible for a custody redetermination hearing pursuant to § 1226(a). *See* Doc. 12 at 3 & n.3; *accord Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1296 ("The active construction of 'the phrase "seeking admission" . . . necessarily implies some sort of present-tense action.' Noncitizens, like [Petitioner], who reside in the country for decades are not 'seeking admission.' They are 'no longer seeking to enter the United States (lawfully or otherwise)'—they are already here.") (first quoting *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218 (D. Mass. 2025), then quoting *Jimenez v. FCI Berlin, Warden*, 799 F. Supp. 3d 59, 71 (D.N.H. 2025))); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 & n.22 (S.D.N.Y. 2025) (collecting 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" rejecting the position that all noncitizens—even those who have been residing in the United States for years—must be detained until their removal proceedings). That holding was consistent with other decisions in which this Court has found that petitioners, like Patel, are entitled to individualized bond hearings. *See*

*Cortez-Gonzalez*, 811 F. Supp. 3d at 1295-99 (D.N.M. 2025); *Diaz-Cruz v. Dedos,* No. 1:25-cv-01117-MLG-JMR, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzalez Ramos v. Dedos,* No. 1:25-cv-00975-MLG-KRS, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025).

This matter, however, differs because Patel was arrested following a prolonged period of release. Consequently, the Court ordered the parties to provide supplemental briefing regarding the unusual procedural posture presented in this case. *See* Doc. 12 at 3-5 (asking whether the Court's previous ruling in *Diallo v. Orozco* applies: that the only appropriate form of relief for a petitioner released on their own recognizance and later re-detained absent a finding of material change in circumstances and a pre-deprivation process is immediate release (citing No. 2:26-cv-00066-MLG-JHR, 2026 WL 608746, at *3-4 (D.N.M. Mar. 4, 2026))).

The parties complied and submitted additional argument and authority, which provided a better understanding of the relevant facts. First, it is undisputed that Patel was released on his own recognizance after his initial arrest at the U.S.–Mexico border in December 2023. *See* Doc. 1 at 18; Doc. 13 at 3-4; Doc. 14 at 2. So, the Court must logically conclude that an immigration officer made an initial determination that Patel was neither a danger to the community nor a flight risk before allowing him entry into the United States.[1] Second, there is no evidence that Patel's circumstances changed between that initial determination and his November 2025 arrest—in fact, he continued to prove he was not a danger nor a flight risk by abstaining from criminal activity,

---

[1] Section 1226 permits the release of a noncitizen from custody pending a removability determination on "conditional parole" which is synonymous with "release on recognizance." *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) (noting the Government "use[s] the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)"). Before making a custody determination, an immigration officer must assess whether releasing the noncitizen would "pose a danger to property or persons" and whether they are "likely to appear for any future [immigration] proceeding." 8 C.F.R. § 236.1(c)(8). Obviously, if a person is released on conditional parole, the immigration officer has found neither consideration appliable.

3

appearing for all scheduled immigration proceedings, applying for lawful residence, and maintaining significant ties in the United States. *See* Doc. 1 at 1, 6, 9-10, 12 ¶¶ 35, 54, 59; *accord* Docs. 7, 14 (failing to dispute any of these claims). Third, the Government concedes "that the facts in this case are not materially distinguishable from the facts from *Diallo v. Orozco*[.]" As in *Diallo*, Patel "was held without bond and not provided an opportunity to contest these grounds at a pre-deprivation hearing." Doc. 14 at 2-3 (citing 2026 WL 608746); *see* 2026 WL 608746, at *4.

Given that Patel was initially released on his own recognizance from CBP custody pursuant to § 1226(a)(2), the Court hereby finds—like it did in *Diallo*—that Patel's re-detention without any pre-deprivation process constitutes a violation of the Fifth Amendment's Due Process Clause. An individualized bond hearing before an immigration judge ("IJ") under § 1226(a)—a post-deprivation process—cannot remedy the constitutional harm caused by a loss of liberty resulting from insufficient pre-detention processes.[2] *See Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069,

---

[2] It is for these same due process concerns that the Court declines to adopt the immigration court's post-detention alternative finding of flight risk. *See* Doc. 1 at 22-23. The Court agrees with Respondents' position that "8 U.S.C. § 1226(e) strips the Court of jurisdiction to review any bond determination, as Congress has made clear that the 'discretionary judgment regarding the application of [§ 1226] shall not be subject to review.'" Doc. 14 at 3 (quoting § 1226(e) (alteration in original)). Indeed, the Court's habeas jurisdiction over bond-eligibility determinations is strictly limited to constitutional challenges to the "extent of the Government's detention authority under the [INA's] 'statutory framework' as a whole." *Jennings v. Rodriguez*, 583 U.S. 281, 295-96 (2018). Accordingly, the Court is not challenging the immigration court's post-detention discretionary judgment (in the alternative, should § 1226(a) apply) that Patel is a flight risk; instead, the Court challenges the constitutionality of re-detaining a noncitizen who has been released on his own recognizance without any pre-deprivation process. *See Demore v. Kim*, 538 U.S. 510, 516 (2003) ("Respondent does not challenge a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release. Rather, respondent challenges the statutory framework that permits his detention without bail."); *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) ("Whether [Petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review." (quoting *Zadvydas v. Davis*, 533 U.S. 678, 695 (2001)); *Singh v. Holder*, 638 F.3d 1196, 1202 ("[A]lthough the Attorney General's 'discretionary judgment . . . shall not be subject to review,' claims that the discretionary process itself was constitutionally flawed are 'cognizable in federal court on habeas because they fit comfortably within the scope of § 2241.'" (alteration in original)

1089 (N.D. Cal. 2025), *appeal filed sub nom.*, *Garcia v. Albarran*, No. 25-7868 (9th Cir. Dec. 16, 2025); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323 (W.D. Wash. 2025). For these reasons, Patel's requested writ of habeas corpus for his immediate release is granted. The analysis and reasoning set forth in this Court's opinion in *Diallo* applies and is hereby adopted as part of this order. 2026 WL 608746, at *3-4 (employing the *Mathews v. Eldridge*[3] balancing test to hold that re-detention of a petitioner initially released on their own recognizance pursuant to § 1226(a)(2) without a pre-deprivation hearing or immigration court finding of a change in dangerousness or flight risk constitutes a due process violation); *see also Garcia Domingo v. Castro*, 806 F. Supp. 3d 1246, 1252 (D.N.M. 2025); *Danierov v. Noem*, No. 2:25-cv-01215-KG-KRS, 2025 WL 3653925, at *2 (D.N.M. Dec. 17, 2025); *Ramirez v. Noem*, No. 2:26-cv-00063-SMD-GJF, 2026 WL 381869, at *6-7 (D.N.M. Feb. 11, 2026); *Pablo Sequen*, 806 F. Supp. at 1082 (N.D. Cal. 2025) (collecting cases from the Northern District of California); *Destino v. FCI Berlin, Warden*, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424, at *11 (D.N.H. Dec. 24, 2025), *appeal filed sub nom.*, *Destino v. Ackley*, No. 26-1181 (1st Cir. Feb. 20, 2026); *O.F.C. v. Almodovar*, No. 25-cv-9816 (LJL), 2026 WL 74262, at *7 (S.D.N.Y. Jan. 9, 2026); *Singh v. Stevens*, No. 3:26-CV-133, 2026 WL 456489, at *7 (N.D. Ohio Feb. 18, 2026).

---

(quoting *Gutierrez-Chavez v. INS*, 298 F.3d 824, 829 (9th Cir. 2002))); *see also G.F.F. v. Francis*, No. 24-cv-7368-JGK, 2025 WL 3141735, at *3 (S.D.N.Y. Nov. 10, 2025) ("When . . . the petitioner 'does not challenge the IJ's weighing of the evidence presented at his bond hearing or the IJ's discretionary decision to deny bond[,] but rather asserts that the procedures for that bond hearing were constitutionally and statutorily infirm,' then § 1226(e) 'does not strip the Court of jurisdiction.'" (quoting *Torres v. Decker*, No. 18-cv-10026, 2018 WL 6649609, at *1 (S.D.N.Y. Dec. 19, 2018))).

[3] 424 U.S. 319, 335 (1976). The same *Mathews* factors—Patel's established private interest in remaining out of custody and the manifestly erroneous deprivation of that recognized liberty interest—outweigh the Government's interest in detaining a noncitizen who has already been deemed neither a flight risk nor a danger to his community. *Cf. Diallo*, 2026 WL 608746, at *3-4.

Patel shall be released within twenty-four hours of the entry of this Order. He shall be released with all identification documentation that he possessed on his person when detained by Respondents in November 2025 along with a copy of this Order.

Patel may not be re-detained without a pre-detention hearing before a neutral IJ and only following a showing by clear and convincing evidence that he is a flight risk or poses a danger to the community and that no conditions other than his detention would be sufficient to prevent such harms. Patel shall receive at least seven (7) days' notice before the pre-detention hearing takes place.

Respondents are further ordered to file a status report within three (3) days of this Order to certify compliance. The status report shall provide the date and location in which Patel was released from custody.

Additionally, Patel's request for attorney's fees and costs under the Equal Access to Justice Act ("EAJA") shall be considered. *See* Doc. 1 at 12; *Delay v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."). "Under [the] EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). While fees are authorized, Patel must "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses," and include an allegation demonstrating that "the position of the United States was not substantially justified." § 2412(d)(1)(B). Upon filing the

application, Respondents must justify their position in any underlying proceedings and district court litigation. *See Hackett*, 475 F.3d at 1170.[4]

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[4] The Court intends to enter a final judgment following receipt of Respondents' status report.